UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC LEE YOUNGS,

     Plaintiff,

v.                           Case No. 4:19cv120-MW-HTC

DAYTONA BEACH
CORRECTIONAL JAIL,

     Defendant.

_____/

ORDER AND
REPORT AND RECOMMENDATION

     This matter is before the Court on an amended complaint filed by the Plaintiff, Eric Lee Youngs, on July 19, 2019.  ECF Doc. 11.  Previously, the undersigned issued a Report and Recommendation that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous or malicious or under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and failure to follow orders of the Court – namely because Plaintiff failed to file a second amended complaint as directed (ECF Docs. 8, 9).  ECF Doc. 10.  For the reasons which follow, that earlier Report and Recommendation is vacated and replaced with the Report and Recommendation below.

## I.    Background

On April 9, 2019, the Court denied without prejudice the Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 7) and warned the Plaintiff that his first amended complaint failed to satisfy Federal Rule of Civil Procedure 8.  ECF Doc. 8.  The order directed the Plaintiff to file, by May 9, 2019, a complete *in forma pauperis* application and a second amended complaint which remedied the defects of the first amended complaint.  *Id.* at 3.  Plaintiff was warned that "failure to timely comply with this order as instructed, including Plaintiff's failure to provide a clear and legible second amended complaint, will result in a recommendation that this case be dismissed for failure to comply with a court order without further notice." *Id.*

Plaintiff failed to file either a new *in forma pauperis* application or a second amended complaint by May 9, 2019, so on May 21, 2019, the Court issued an order directing Plaintiff to show cause by June 4, 2019 why his case should not be recommended for dismissal for failure to prosecute or to follow an order of the Court. ECF Doc. 9.  Plaintiff did not respond by June 4, 2019, so on June 20, 2019 the Court issued the Report and Recommendation at ECF Doc. 10, recommending that this matter be dismissed without prejudice.[1]  Rather than file objections to the Report

---

[1] That Report and Recommendation was based on Plaintiff's failure to file a second amended complaint and erroneously stated that Plaintiff was proceeding *in forma pauperis*.  As stated herein, Plaintiff's initial motion to proceed *in forma pauperis* was denied without prejudice as

and Recommendation, the Plaintiff, on July 19, 2019, filed another complaint using the Northern District's civil rights complaint form, which the clerk docketed as a "First Amended Complaint," and is really a second amended complaint.[2]  ECF Doc. 11.

## II.    Analysis

In light of the Eleventh Circuit's "'strong policy of determining cases on their merits[,]'" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) (quoting *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)), the undersigned finds that it is appropriate to vacate the previous Report and Recommendation and consider whether Plaintiff's second amended complaint states a cause of action entitling him to relief.  The undersigned finds it does not.

Here, like each of the prior complaints, Plaintiff's proposed amended complaint is both illegible and, where the handwriting can be read, mainly incomprehensible.  Federal Rule of Civil Procedure 8(a) provides that a "pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ..., [and] (2) a short and plain statement of the

---

deficient.  (ECF Doc. 8).  Despite being ordered to file a new motion to proceed *in forma pauperis*, Plaintiff has failed to do so or pay the filing fee.

[2] The Plaintiff filed this document on the Civil Rights Complaint Form required by the Northern District and did not give it any other title such as "amended complaint."  He did, however, fill in the space for the case number with that of the instant case.  ECF Doc. 11 at 1.  The clerk docketed this as a "First Amended Complaint."  However, Plaintiff had previously amended his complaint, ECF Doc. 6.  Thus, this should have been docketed as a second amended complaint.

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010). A pleading where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" does not comply with that standard. *Peavey v. Black*, 476 F. App'x 697, 699 (11th Cir. 2012) (citing *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996). Specifically, the Eleventh Circuit in *Peavey* instructed as follows:

> The district court did not abuse its discretion in dismissing, without leave to amend, Peavey's second amended complaint for his third failure to comply with Rule 8(a). The district court's orders twice instructed Peavey how to file properly an amended complaint that conformed to Rule 8(a). Yet Peavey's second amended complaint still was unintelligible, indecipherable, and replete with irrelevant facts, making it impossible for the defendants to know what Peavey is claiming, against whom, and on what grounds. Peavey also failed to identify any basis for the court's exercise of subject matter jurisdiction over Geithner. The district court did not abuse its discretion in ruling that after three strikes Peavey was out.

476 F. App'x 697, 699 (11th Cir. 2012).

In the instant case, it is similarly impossible to discern what Plaintiff is claiming, against whom, and on what grounds. For example, Plaintiff identifies the defendant as Volusia County Correctional Jail in the style of the case, and then identifies "Sargent" and "Officer McMullen (witness)" under the section of the form requiring him to identify the "Defendants" by name, position, employment and

address.  ECF Doc. 11 at 2.  He provides no other identifying information.  Also, even after three tries, the second amended complaint at ECF Doc. 11 fails to make clear where the events described therein took place -- specifically, whether they occurred at Volusia County Correctional Jail (located in the Middle District) or at Florida State Hospital at Chattahoochee (located in the Northern District).  ECF Doc. 11 at 6 (referencing Florida State Hospital, where he is currently in custody).  Thus, like the plaintiff in *Peavey*, Plaintiff has failed to allege what his claims are, who they are against or even where they are alleged to have occurred, and so has failed to allege a basis for this Court's jurisdiction.  Because Plaintiff has been given three opportunities to file a legible complaint stating a cause of action, the undersigned finds that allowing Plaintiff a fourth opportunity to carefully craft a complaint would be futile.

Also, despite filing his belated second amended complaint, Plaintiff remains noncompliant with the Court's prior orders as he has still not filed a proper motion to proceed *in forma pauperis* or paid the filing fee.  When a Plaintiff fails to follow orders of the Court and to prosecute his case, a district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket.  *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cty. Jail*, 433 Fed.Appx. 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V*

*MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)); *cf.* Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte*... dismiss any action for want of prosecution, with or without prejudice[,] ... [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 Fed.Appx. 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

### III.  Conclusion

Accordingly, it is ORDERED:

1.     The Report and Recommendation at ECF Doc. 10 is VACATED.

It is respectfully RECOMMENDED:

1.     That this case be DISMISSED WITHOUT PREJUDICE for failing to state a claim, as frivolous, or as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B) or

under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and

failure to follow orders of the Court.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of July, 2019.


/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.